# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ARTHUR J BREWER,

                Petitioner,

v.

WARDEN BRIAN WILLIAMS, *et al.*,

                Respondents.

Case No. 2:19-cv-01336-APG-DJA

**ORDER**

Petitioner Arthur Brewer has filed this *pro se* petition for writ of habeas corpus relief under 28 U.S.C. § 2254. Brewer also filed an application for leave to proceed *in forma pauperis*. (ECF No. 1), a motion for appointment of counsel (ECF No. 3), and a motion to increase his prison copy work limit (ECF No. 4). I now conduct the initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

I will dismiss the petition for lack of jurisdiction, as it is a second or successive petition and Brewer has not shown that he has obtained authorization from the Court of Appeals to file it. Because I lack jurisdiction over the petition, Brewer's motions for appointment of counsel, to proceed *in forma pauperis*, and to extend his copy work will be denied as moot.

Brewer challenges his 2006 judgment of conviction entered in Eighth Judicial District Court Case No. 06C223499. ECF No. 1-1 at 1-2. Judicially noticeable facts indicate that Brewer was sentenced to a term of 10 to 25 years as a large habitual criminal. ECF No. 2:11-cv-1556-PMP-PAL (Ex. 2).

Brewer previously challenged that state court judgment of conviction in federal court Case No. 2:11-cv-1556-PMP-PAL. That petition was dismissed as untimely and judgment was

entered. *See* Case No. 2:11-cv-1556-PMP-PAL, ECF Nos. 11 & 12.  Brewer appealed and certificate of appealability was denied. *Id.* (ECF No. 20).  Brewer acknowledges that he previously challenged the judgment of conviction at issue in this case in federal court. ECF No. 1-1 at 2.

"[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of . . . 28 U.S.C. § 2244(b)." *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009).  A petition is second or successive if it attacks the same judgment of conviction as a prior federal petition that was decided on its merits and raises claims based on facts that had occurred by the time of the prior petition. *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied sub nom. Brown v. Hatton*, 139 S. Ct. 841, 202 L. Ed. 2d 610 (2019) ("It is now understood that a federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition. . . .").

Here, although Brewer's claims facially involve good time credits, he does not argue that he is being denied good time credits to which he is entitled.  Rather, what Brewer argues is that the habitual criminal statute under which he was sentenced, Nev. Rev. Stat. § 207.101(b), is unconstitutional.  This is a claim based on facts that existed at the time of his prior federal petition.  While Brewer asserts that the facts underlying his claim were not known to him until the Nevada Supreme Court's decision in *Williams v. State Dep't of Corr.*, 402 P.3d 1260, 1261 (Nev. 2017), that is not the same thing as saying that the facts did not exist at the time of his prior petition.  Rather, all of Brewer's claims are based on the central premise that, under Nev. Rev. Stat. § 207.010, defendants convicted of Category C and D crimes are treated the same as

defendants convicted of Category A crimes. This set of facts existed at the time of the prior federal petition and thus could have been raised in the prior petition. As such, the instant petition is second or successive.

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *Brown*, 889 F.3d at 667. Brewer does not indicate that he has received authorization from the Court of Appeals to file this second or successive petition, nor do the records of the Court of Appeals reflect that he has sought to obtain any such authorization. This second or successive petition must therefore be dismissed for lack of jurisdiction.

IT IS THEREFORE ORDERED that the Clerk of Court shall FILE the petition (ECF No. 1-1).

IT IS FURTHER ORDERED that the petition is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that all pending motions **(ECF Nos. 1, 3 & 4) are DENIED**.

IT IS FURTHER ORDERED that Brewer is DENIED a certificate of appealability, as jurists of reason would not find the dismissal of the petition for lack of jurisdiction to be debatable or wrong.

The Clerk of Court shall enter final judgment accordingly and CLOSE this case.

Dated: August 21, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE